QUESTION: What authority does the county commission have to pay the costs incurred in prosecuting criminal cases, both for solvent and insolvent defendants, under Art. V, State Const.?
SUMMARY: A county commission of the county where the crime was committed has the authority and responsibility to pay all court costs against a convicted insolvent defendant, including, but not limited to, costs of depositions taken pursuant to Rule 3.220, RCrP, expert witness fees and expenses of expert witnesses used at trial but does not have the responsibility to pay for costs incurred by the state attorney's office in preindictment or preinformation investigations not permitted to be assessed as court costs by the statutes and laws of the state. You will note that the term "felony criminal cases" as used in your question has been changed to just "criminal cases." Accordingly, this opinion will relate to the payment of costs in all cases prosecuted by the state attorney's office under s. 27.02, F.S. In your first request, it was indicated that the state attorney's budget did not contemplate the payment of travel expenses for witnesses, the cost of having ballistic and other expert examinations done, or the cost incurred for depositions now permitted under Rule 3.220, Rules of Criminal Procedure. So that this opinion may be explicitly clear, it is first necessary to define the term "costs" as the term is used herein. Costs, as used in this opinion, include only those items of costs permitted by rule or statute and will not include expenses incurred by the state attorney's office incident to preliminary hearings or investigations prior to the filing of an information or the return of an indictment charging the commission of a crime. In AGO 072-60, the costs properly chargeable against a defendant on conviction are discussed and it has to be only those expenses of prosecution allowed by statute that can be taxed as costs against a person convicted of a crime. Under common law, costs were not recognized as being assessable against a person convicted of a crime and it was only upon statutory authority that cost could be assessed against one found guilty of a criminal act. Florida faced the question of the assessment of costs against a convicted defendant upon the passage of s. 939.01, F.S.: "In all cases of conviction for crime, the cost of prosecution shall be included and entered up in the judgment rendered against the convicted person . . . ." Said section required solvent convicted defendants to be responsible for the payment of costs as "entered up in the judgment rendered against the convicted person." Section 939.15, F.S., excuses insolvent convicted defendants from the payment of such costs but provides for payment of said costs by the county. Under Art. XVI, s. 9, State Const. 1885 (now having the status of a statute pursuant to Art. XII, s. 10, State Const. 1968), specific provision is made that in all criminal cases prosecuted in the name of the state when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed under such regulations as shall be prescribed by law. Of course, s. 57.091, F.S., provides that all lawful costs adjudged against and paid by any county in all criminal prosecutions against state prisoners imprisoned at the state prison be refunded to the county paying that sum from the General Revenue Fund. These constitutional and statutory provisions have been consistently interpreted by this office to include only those costs incurred in the actual trial proceedings — that is, the proceedings had after the return of an indictment or information — and not to include expenses incurred in preliminary hearings and investigations by the state attorney prior to the finding or filing of an information or indictment charging the commission of a crime. This interpretation has been reaffirmed by me in AGO 071-26 (involving preliminary and grand jury hearings), AGO 072-39 (involving the expenses of a reporter in the taking and transcribing, at the request of the state attorney, preliminary hearings and depositions in criminal proceedings), and in a letter dated January 12, 1971 (involving preindictment or preinformation criminal investigations). These opinions stand for the proposition that the pretrial expenses of preliminary hearings, criminal investigations, and grand jury hearings that do not become a part of the court costs are payable from funds allocated to the operating expense of the state attorney's office and may not be charged against the county. (It should be noted that the costs of the discovery procedures provided for by Rule 3.220 of the Florida Rules of Criminal Procedure are payable from county funds under the express provision of paragraph (K) of that rule, requiring the "reasonable costs" thereof to be taxed as costs against the county when the defendant is adjudged insolvent.) Section 27.34, F.S., expressly prohibits a county or municipality from appropriating or contributing funds to the operation of the office of the state attorneys except for the providing of office space, utilities, etc. However, Rule 3.220, supra, authorizes the taking of depositions in connection with the discovery procedures provided for therein; and paragraph (K) of this rule provides that: "After a defendant is adjudged insolvent, the reasonable cost incurred in the operation of these rules shall be taxed as costs against the county." The clear implication of this provision of the rule is that the reasonable cost of the deposition procedure authorized by Rule 3.220, supra, is to be considered a "court cost" to be paid as provided by Chapter 939, F.S. No authority need be cited for the proposition that the rules of practice and procedure adopted by the Supreme Court take precedence over any conflicting statutes, unless and until such rules should be repealed "by general law enacted by two-thirds vote of the membership of each house of the legislature." Section 142.01, F.S., provides for a fine and forfeiture fund for each county of the state. This section further provides that "said funds shall be paid out only for criminal expenses, fees and costs, where the crime was committed in the county and which fees and costs are a legal claim against the county." Sections 142.03, 142.04, and 142.07, F.S., establish the procedure and the conditions for which said funds shall be paid out by the county for criminal expenses, fees and costs where the crime was committed in the county, and the fees and costs are a legal claim against the county. In regard to the payment of travel expenses and the cost of having ballistic and other examinations done, your attention is directed to s. 90.231, F.S., which provides for the payment of expert witness fees of any "expert witness used in the trial," and further provides that said fees as paid shall be taxed as costs. In view of the above, therefore, it must follow that costs incurred in prosecuting criminal cases, after indictment or information, must be borne by a solvent defendant, upon conviction, in the amount as taxed by the court against the defendant, and by the county in which the crime was committed, in the event of the conviction of an insolvent defendant. All costs incurred in preindictment or pretrial, except those costs as authorized by statute, do not become a part of the court costs assessable against either a solvent defendant or paid by the county in the event of an insolvent defendant, but must be paid from the funds allocated to the state attorney's office and must not be charged against the county.